IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS ELROY LOVELESS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GRADY COUNTY CRIMINAL )<br>JUSTICE AUTHORITY, et al., )<br>)<br>Defendants. ) | Case No. CIV-24-00879-JD |

### ORDER

Before the Court is a Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Chris M. Stephens on January 7, 2025. [Doc. No. 19]. Judge Stephens recommends that the Court dismiss Plaintiff Chris Elroy Loveless's amended complaint [Doc. No. 13] in its entirety and deny the two pending motions [Doc. Nos. 14, 15] as moot. Mr. Loveless filed a timely objection. [Doc. No. 20]. Upon de novo review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court accepts the Report and Recommendation and dismisses the amended complaint.

**I.     BACKGROUND**

Mr. Loveless is a prisoner in state custody. Loveless initiated this 42 U.S.C. § 1983 action on August 26, 2024. [Doc. No. 1]. Loveless later filed a Motion for Leave to File Supplemental Brief in Support [Doc. No. 10], which Judge Stephens, construing the motion as one for leave to amend the complaint, granted [Doc. No. 11]. Judge Stephens warned Mr. Loveless "that his Original Complaint [did] not 'make clear exactly *who* is alleged to have done *what* to *whom*.'" [Doc. No. 11 at 2] (quoting *Robbins v.*

*Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Mr. Loveless then filed an amended complaint on October 16, 2024. [Doc. No. 13]. At the time Mr. Loveless filed the amended complaint, he had pleaded guilty and been sentenced for intimidation of a witness in Grady County District Court, but he was still being held at the Grady County Detention Center.[1] The amended complaint brings one claim against the following defendants:

- The Grady County Criminal Justice Authority ("GCCJA");

- "Unknown staff" of the GCCJA in their official capacities;

- Captain Winsett, a GCCJA employee, in his individual and official capacities;

- Sergeant McConnell, a GCCJA employee, in his individual and official capacities; and

- Assistant District Attorney ("ADA") Jeff Sifers of the Grady County District Attorney's Office in his individual and official capacities.[2]

*Id.* at 4–6.[3]

---

[1] "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). Accordingly, the Court takes judicial notice of the docket in *State v. Loveless*, Case No. CF-2024-89 (Grady Cnty., Okla.), https://www.oscn.net/dockets/GetCaseInformation.aspx?db=grady&number=CF-2024-89 (last accessed May 29, 2025).

[2] The Court, like Judge Stephens, liberally construes the amended complaint—which does not specify the capacity in which ADA Sifers is sued—to raise a claim against ADA Sifers in his official and individual capacities. R. & R. at 3 n.2.

[3] The Court uses CM/ECF page numbering from the top of docket filings in this Order.

Loveless alleges that defendants denied him "access to the courts" by refusing him "access to the computer to view discovery." *Id.* at 6, 10. According to the amended complaint, a state judge issued an order regarding Loveless's ability to access a computer and printer to pursue his appeal in state court, and GCCJA staff either ignored this order or lacked the training to understand it. *Id.* at 7–8. Loveless alleges that the mail was stopped, he cannot get a notary, and GCCJA staff began opening his legal mail "and deciding which of [his] documents can be copied and which ones were not copied." *Id.* at 8–9. Loveless further alleges that these actions of the GCCJA staff "got [his] Court of Appeals filings dismissed." *Id.* at 8. The amended complaint lists the following requests for relief:

- "Proper training to GCCJA Staff";
- That Sergeant McConnell and Captain Winsett "receive program training [and] a demotion from supervisor position";
- "[C]ompensation both from individuals and official capacity";
- That someone "[c]ontact Criminal Appeals Court and take responsibility for delaying Mr. Loveless court filings";
- "Monetary payment of $250,000.00"; and
- Other unspecified injunctive relief.

*Id.* at 9–10.

Judge Stephens recommends dismissing Loveless's complaint in its entirety. R. & R. at 18. The R. & R. recommends dismissing Loveless's claim for damages against

3

ADA Sifers in his official capacity because he is not a suable "person" under § 1983 in his official capacity and, alternatively, because he is immune from such relief. *Id.* at 5–9. As for Loveless's claim against GCCJA staff in their official capacities, Judge Stephens recommends dismissing any claim for injunctive relief as moot because Loveless is no longer detained by the GCCJA. *Id.* at 9–11. The R. & R. recommends dismissing the claim for damages against these officials in their official capacity because Loveless has failed to state a claim for municipal liability. *Id.* at 11–14. Judge Stephens recommends dismissing the claim for damages against GCCJA officials in their individual capacities for failure to state a claim. *Id.* at 15–17. Lastly, the R. & R. recommends denying as moot Loveless's two pending motions: the Supplemental Motion to Introduce Evidence Under Federal Rule of Evidence 404(b) [Doc. No. 14] and the Motion for U.S. Marshal Service Plaintiff's Subpoena Duces Tecum [Doc. No. 15]. *Id.* at 17.

  Mr. Loveless filed a timely objection. [Doc. No. 20]. Loveless argues that his claim against ADA Sifers should not be dismissed because Mr. Sifers is a "nonservant agent" and "contract attorney" who "has no official capacity." *Id.* at 2. In addition, Loveless argues that he seeks injunctive relief against ADA Sifers (although he does not specify what injunctive relief he seeks), so his suit may proceed under *Ex parte Young*, 209 U.S. 123 (1908). *Id.* at 5–6. Loveless argues that his claim for injunctive relief against GCCJA staff is not moot because his claim "has nothing to do with current conditions" of confinement, and "[t]he continuing adverse effects of the GCCJA's staff is apparent in the Oklahoma Appellate Court in Case No. C-2024-827." *Id.* at 10–11. Loveless objects that he has stated a claim for municipal liability because when Captain

Winsett and Sergeant McConnell "directed staff of jail and both parties documented actions identified on the GCCJA inmate request logs this provides fact the policymakers promulgated policy that caused the causation of 'Denying Plaintiff Access to the Courts.'" *Id.* at 14. Lastly, Loveless argues he has stated a claim against Captain Winsett and Sergeant McConnell because "[t]he Amended Complaint specifically states the GCCJA inmate request system provides fact for specific actions taken by Winsett and McConnell in the deprivation of the Plaintiff's right to access the courts." *Id.* at 18.

## II.    LEGAL STANDARDS

When a magistrate judge has entered a recommended disposition of a matter, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will . . . . preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995).

Judge Stephens recommends dismissal of this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(a)–(b), which require dismissal of a civil action filed by a prisoner who is proceeding in forma pauperis if the complaint fails to state a claim on

5

which relief may be granted. The same standard applies to dismissals under these provisions as dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Thus, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under this standard, the Court accepts the well-pleaded facts alleged as true and views them in the light most favorable to the plaintiff. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court must "draw on its judicial experience and common sense" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 678–79.

When proceeding pro se, as Mr. Loveless is here, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.* "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### III.     ANALYSIS

#### A.  ADA Sifers in his official capacity is not a "person" who can be sued for monetary damages under § 1983.[4]

Mr. Loveless seeks monetary damages against ADA Sifers in his official capacity. Section 1983 provides a federal cause of action against "every *person* who," under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). States are not suable "persons" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," state officials sued in their official capacities are also not "persons" who are subject to suit under § 1983 for monetary damages. *Id.*

ADA Sifers works at the Grady County District Attorney's Office. [Doc. No. 13 at 6]. Therefore, he is a state official. *See Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs.*,

---

[4] Loveless argues that the amended complaint raises a claim for injunctive relief against ADA Sifers and that this claim "is very apparent and clear in the Plaintiff's Amended Complaint." [Doc. No. 20 at 5]. Loveless points to the R. & R.'s reference to "other unspecified injunctive relief" requested in the amended complaint as "providing proof of injunctive relief sought by the Plaintiff's suit." *Id.* at 5–6. However, even liberally construing the amended complaint, it is not clear what injunctive relief Loveless seeks from ADA Sifers. Federal Rule of Civil Procedure 8(a)(3) requires a claim to contain "a demand for the relief sought," and Loveless's amended complaint does not seek injunctive relief against ADA Sifers with sufficient specificity to satisfy this requirement. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("[P]ro se parties [must] 'follow the same rules of procedure that govern other litigants.'" (citation omitted)). Therefore, despite Loveless's objection, the Court construes the amended complaint to seek only damages, not injunctive relief, against ADA Sifers.

263 F.3d 1151, 1153–54 (10th Cir. 2001) ("[U]nder Oklahoma law, a district attorney is an arm of the state . . . ."); 19 Okla. Stat. § 215.30(B) ("All appointees and employees of district attorneys . . . shall be deemed to be state officers or employees for all purposes."). Consequently, Loveless's claim for monetary damages against ADA Sifers in his official capacity must fail because he is not a suable "person" under § 1983.[5] The Court dismisses this claim with prejudice. *See Tufaro v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, 107 F.4th 1121, 1135 (10th Cir. 2024) (affirming a district court's dismissal with prejudice on grounds that state defendants were not suable "persons" under § 1983); *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1237, 1242 (10th Cir. 1999) (same).[6]

---

[5] Because the Court concludes that § 1983 does not authorize a damages claim against ADA Sifers in his official capacity, it need not address whether this claim is barred by sovereign immunity. *See Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 779–80 (2000) (explaining that because the "statutory question [is] 'logically antecedent to the existence of' the Eleventh Amendment question" and "there is no realistic possibility that addressing the statutory question will expand the Court's power beyond the limits that the jurisdictional restriction has imposed," it is generally "possible, and indeed appropriate, to decide the statutory issue first").

[6] *See also Wolf v. N.M. Dep't of Corr.*, No. 23-cv-1120-JCH-KBM, 2024 WL 2396852, at *2 (D.N.M. May 22, 2024) (dismissing the plaintiff's § 1983 claims against New Mexico Department of Corrections "with prejudice" because the "[defendant] is not a person subject to suit under § 1983" (internal quotation marks and citations omitted)); *Buchanan v. Oklahoma*, No. CIV-09-744-D, 2010 WL 1448856, *2 (W.D. Okla. Apr. 8, 2010) ("Dismissal is with prejudice because a § 1983 claim applies only to a person; the individuals sued in their official capacities and the State and its agencies are not persons for purposes of § 1983 . . . ."), *aff'd*, 398 F. App'x 339, 341–42 (10th Cir. 2010) (unpublished) (affirming the dismissal of the plaintiff's § 1983 claims with prejudice).

### B. The Court dismisses Loveless's claim against GCCJA and GCCJA staff—including Captain Winsett and Sergeant McConnell—in their official capacities.

Mr. Loveless raises a claim for monetary and injunctive relief against GCCJA and GCCJA employees—including Captain Winsett, Sergeant McConnell, and "unknown staff"—in their official capacities.

#### 1. Loveless's claim for injunctive relief is moot because he is no longer in GCCJA custody.

For injunctive relief, Loveless requests "[p]roper training to GCCJA Staff"; "program training" and "a demotion from supervisor position" for Captain Winsett and Sergeant McConnell; and that someone "[c]ontact Criminal Appeals Court and take responsibility for delaying Mr. Loveless court filings." [Doc. No. 13 at 9]. As noted in the R. & R., Mr. Loveless is no longer in GCCJA custody; instead, he is now in the custody of the Oklahoma Department of Corrections ("ODOC"). *See* [Doc. Nos. 16, 17, and 18] (notifying the Court of Plaintiff's changes of address to ODOC facilities); *see also* ODOC Offender Lookup, https://okoffender.doc.ok.gov/ (OK DOC #206437) (last accessed May 29, 2025).

"When a prisoner files suit against prison officials who work in the institution in which he is incarcerated, seeking declaratory and injunctive relief on the basis of alleged wrongful conduct by those officials, and then that prisoner is subsequently transferred to another prison or released from the prison system," then the suit presents "a question of possible mootness." *Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011). "Where the prisoner's claims for declaratory or injunctive relief relate solely to the conditions of

confinement at the penal institution at which the prisoner is no longer incarcerated, courts have concluded that they are unable to provide the prisoner with effective relief." *Id.* "Consequently, courts have routinely dismissed such penitentiary-specific conditions-of-confinement claims as moot." *Id.*

Loveless seeks injunctive relief against prison officials at the institution where he was formerly incarcerated. Were Loveless to succeed on the merits, the equitable relief he seeks "would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him." *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997). Therefore, his claim for injunctive relief is moot, and the Court dismisses this claim without prejudice against GCCJA, Captain Winsett, Sergeant McConnell, and unknown GCCJA staff. *See Brown v. Buhman*, 822 F.3d 1151, 1165, 1179 (10th Cir. 2016) (explaining that "[m]ootness deprives federal courts of jurisdiction," so dismissal "must be without prejudice" (citation omitted)).

### 2. *Loveless has failed to state a claim for municipal liability.*

Loveless seeks $250,000.00 in damages against these defendants. [Doc. No. 13 at 9]. GCCJA is a jail trust, so municipal liability standards apply to Loveless's claim against it for damages. *See Bazemore v. Bd. of Cnty. Comm'rs.*, No. CIV-10-420-M, 2010 WL 3824178, at *1 (W.D. Okla. Sept. 27, 2010) ("[T]he Grady County Criminal Justice Authority . . . is a public trust responsible for the operation and management of the Grady County Detention Center."); *see also Rife v. Okla. Dep't of Pub. Safety*, 854 F.3d 637, 653 (10th Cir. 2017) (applying municipal liability standards to a § 1983 action against a jail trust). Likewise, Loveless's claim against Captain Winsett, Sergeant McConnell, and

10

unnamed GCCJA staff in their official capacities is a claim against GCCJA, so municipal liability standards apply. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent . . . .").

"Local governing bodies" such as municipalities and jail trusts are directly liable under § 1983 only if an official policy or custom causes a constitutional violation. *Id.* at 690–94. In addition, the policy must be "enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). Thus, a successful municipal liability claim must allege three elements: "(1) official policy or custom, (2) causation, and (3) state of mind." *Id.* "A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision." *Id.* at 770. "The custom or practice giving rise to liability must be 'so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice.'" *Burke v. Regalado*, 935 F.3d 960, 998 (10th Cir. 2019) (citation omitted).

The Court agrees with Judge Stephens's conclusion that the amended complaint does not state a municipal liability claim against GCCJA. Loveless does not allege that any formal policy or final decision by a policymaker violated his right of access to the courts, nor does he allege that a well-settled, widespread custom or practice caused the

11

constitutional violation. The amended complaint mentions a "lack of training" [Doc. No. 13 at 7], but Loveless has not supported this conclusory allegation with any specific factual allegations to "nudge[]" his claim "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Keith v. Koerner*, 843 F.3d 833, 838 (10th Cir. 2016) ("It is not enough to allege 'general deficiencies' in a particular training program.").

Loveless argues that Captain Winsett and Sergeant McConnell both "directed staff" and "documented actions identified on the GCCJA inmate request logs," and that this allegation is sufficient to state a claim for municipal liability. [Doc. No. 20 at 14]. On the contrary, this allegation—which is not raised in the amended complaint—does not allege that an official policy or custom caused Loveless to suffer an injury from a constitutional violation.

The amended complaint fails to allege that any official policy or custom was the moving force behind a violation of Loveless's constitutional rights. Accordingly, Loveless's claim for damages against GCCJA, Captain Winsett, Sergeant McConnell, and the unnamed GCCJA employees in their official capacities is dismissed without prejudice for failure to state a claim.

### C. Loveless has failed to state a claim against any individual defendant in their individual capacity.

The Court, like the R. & R., construes the amended complaint to seek monetary damages against ADA Sifers, Captain Winsett, and Sergeant McConnell in their individual capacities. *See* R. & R. at 15. To state a § 1983 claim against an individual

defendant, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable" to § 1983 suits, *id.*, this requirement also applies to supervisors: a plaintiff "must show an 'affirmative link' between the supervisor and the constitutional violation." *Schneider*, 717 F.3d at 767 (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010)). Where, as here, a plaintiff has named various state actors in their individual capacities as defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008).

The Court agrees with the R. & R. that Loveless has not alleged any specific actions taken by any individual defendant that deprived him of a constitutional right. The amended complaint states only that Captain Winsett is "captain over inmates" and that Sergeant McConnell is "GCCJA Court officer over inmates"; the amended complaint does not allege any actions taken by these defendants. [Doc. No. 13 at 4–5]. Regarding ADA Sifers, the amended complaint alleges that he "[m]ade the statement in the Court Transcript," *id.* at 7, but it does not allege what statement ADA Sifers made or how it violated Loveless's rights. Because the amended complaint fails to allege any specific actions taken by any individual defendant that violated Loveless's constitutional rights, the Court dismisses the claim against ADA Sifers, Captain Winsett, and Sergeant McConnell in their individual capacities for failure to state a claim.

13

IV. **CONCLUSION**

The Court ACCEPTS the Report and Recommendation [Doc. No. 19] and DISMISSES Loveless's complaint in its entirety. Loveless's claim for monetary damages against ADA Sifers in his official capacity is dismissed with prejudice; all other portions of Loveless's claim are dismissed without prejudice. The Court DENIES as moot Loveless's Supplemental Motion to Introduce Evidence Under Federal Rule of Evidence 404(b) [Doc. No. 14] and Motion for U.S. Marshal Service Plaintiff's Subpoena Duces Tecum [Doc. No. 15].

IT IS SO ORDERED this 30th day of May 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE